CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 15, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00028 |
| Sgt. Kevin Williams *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming constitutional violations pursuant to 42 U.S.C. Section 1983 and other state law claims. The claims asserted in this suit were initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. *See Hinchee v. Reed et al.*, No. 7:24-cv-00721 (W.D. Va. filed Oct. 21, 2024). On January 15, 2025, this court severed ten cases from Hinchee's initially filed complaint. *See id.*, Dkt. 10. This lawsuit (new action number two in the court's severance order) involves the allegations in Paragraphs 25 through 29 of Hinchee's initial complaint at pages 9 through 10, which concern claims that officials at Nottoway Correctional Center failed to protect him. (*See* Dkt. 1 at 9–10.)

## I.    Factual and Procedural History

Hinchee designated eight individuals at Nottoway Correctional Center as Defendants[1] in connection with these claims. Six of the named Defendants appeared and filed a motion to dismiss and a memorandum in support thereof. (Dkts. 16, 17.) The court issued a *Roseboro* notice (Dkt. 18), but Hinchee did not file an opposition to the motion to dismiss even after being granted an extension of time to do so. (Dkt. 20.) The court then sent a revised *Roseboro* notice (Dkt. 23) and granted Hinchee additional time to file a response opposing the motion to dismiss. (Dkt. 22.) Hinchee requested a further extension of time (Dkt. 25), which the court granted (Dkt. 26), but Hinchee still has not filed any response to date.

In the caption of the case, Hinchee identifies Defendants Claiborne and Summerville as building supervisors. (Dkt. 1 at 2.) He identifies Defendant Davis as the warden. (*Id.* at 3.) He identifies Defendant Maurice as an assistant warden, and Defendants McCargo and Williams as transportation officers. (*Id.* at 2.)

The following is a summary of Hinchee's relevant factual allegations in the complaint, which the court accepts as true when resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On January 3, 2022, Hinchee pled guilty to "sexual exploitation of a child/distribution/publication/sell and was sentenced to fifteen years' probation," which he

---

[1] Hinchee named "Sally Wells" as a Defendant. Counsel reported that no person named "Sally Wells" worked at the institution. (Dkt. 14) (declining to accept service for Wells). Hinchee also named as a Defendant "John Doe # 2, Housing Coordinator." Similarly, counsel reported that that position does not exist at Nottoway and that the individual intended could therefore not be identified. (*Id.*) (declining to accept service for John Doe). The court therefore ordered Hinchee on March 14, 2025, to provide identifying information for Wells and John Doe # 2 so that they could be served. (Dkt. 15.) Hinchee did not do so by the stated deadline or to date. In accordance with Dkt. 15, the court therefore **DISMISSES** Sally Wells and John Doe # 2 from this action without prejudice.

was permitted to serve in Virginia. (Dkt. 1 at 6.) On October 18, 2022, he was incarcerated in "Roanoke City Jail on ten counts of possession of child pornography." (*Id.* at 9 ¶ 21.) On September 21, 2023, after sentencing orders were entered, Hinchee was transferred to Nottoway Correctional Center. (*Id.* ¶ 25.) According to Hinchee, his "charges of possession of child pornography put [him] at higher risk of being assaulted [at Nottoway], yet the facility did nothing to protect [him]." (*Id.*)

While at Nottoway, another inmate demanded to know his charges, and Hinchee told him. (*Id.* ¶ 26.) The inmate required Hinchee to perform oral sex on him in exchange for protection. (*Id.*) Another inmate tried to extort him because of his charges. (*Id.*) Hinchee filed a complaint under the Prison Rape Elimination Act ("PREA"), which was deemed unfounded by institutional investigators "due to [the] late filing of the complaint." (*Id.*) On October 12, 2023, Hinchee wrote an anonymous letter to Lt. Summerville regarding the alleged financial extortion, but received no response. (*Id.* at 10 ¶ 27.) A week later, Hinchee sent the same letter to Assistant Warden Maurice. (*Id.*) Hinchee was "locked down for seven days for no reason other than being physically assaulted." (*Id.*) On the basis of these allegations, Hinchee claims that Defendants violated the Americans with Disabilities Act and the Equal Protection Clause of the Fourteenth Amendment, failed to protect him in violation of the Eighth Amendment, and were negligent. (*Id.*)

Additionally, Hinchee explains that when he received his first commissary order, three members of the Bloods gang entered his cell, forced him against the wall, and took his commissary items. (*Id.* ¶ 28). According to Hinchee, the Bloods knew that Hinchee was gay because he had "told everyone on day one" that he "was an LGBTQIA+ Inmate." (*Id.*)

Hinchee claims that, "[t]he staff knew or should have known that these men were a danger to the facility." (*Id.*) Based on these particular allegations, Hinchee claims that Defendants violated the Equal Protection Clause and Eighth Amendment as well as were negligent. (*Id.*)

On October 26, 2023, four members of the Crips gang entered Hinchee's cell and assaulted him. (*Id.* ¶ 29). Hinchee was removed from the housing pod and, along with two of his four attackers, placed in the restorative housing unit ("RHU"). (*Id.*) According to Hinchee, "[t]he staff knew or should have known that these men were a danger to the facility." (*Id.*) Based on these allegations, Hinchee claims violation of the Equal Protection Clause and the Fourth Amendment. (*Id.*)

Paragraphs 26 and 27 of the complaint cross-reference a "PREA letter" and "letters dated 10/12/13." (*Id.* ¶¶ 26, 27.) These were not attached to the severed complaint in this case (as noted in Dkt. 1-1 at 3–4) or in the documents Hinchee submitted in this action on January 30, 2025, but the court has considered certain documents that were filed with Hinchee's original complaint that seemingly match his descriptions. (Civ. Action No. 7:24-cv-00721, Dkt. 1-1 at 171–72, 177-180.) The content of these documents does not alter the court's analysis herein.

## II.  Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

Here, even when Hinchee's allegations are accepted as true as required, the allegations fail to establish a viable claim that the Defendants are liable for the events related by Hinchee. The court has recounted Hinchee's allegations above because Hinchee provided detail about **what** happened to him. But he has not provided any detail about **who** took or failed to take actions that would make those individuals named as Defendants responsible for what happened to him.

There are no specific allegations about any actions or inactions of four of the named Defendants— Claiborne, Davis, McCargo, and Williams. They are only named in the caption and internal headings of the complaint. Accordingly, dismissal of these Defendants is

appropriate.  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Harris v. City of Va. Beach*, 11 F. App'x. 212, 214–17 (4th Cir. 2001) (upholding dismissal of § 1983 claims against five defendants because of lack of allegations of personal involvement); *Stogsdill v. Clear*, No. 7:23-cv-00133, 2025 WL 952261, at *3 (W.D. Va. Mar. 28, 2025) (dismissing defendants when complaint did not specify their individual actions); *Morrison v. Heffner*, No. 3:19-c-v77, 2021 U.S. Dist. LEXIS 109619, at *4 (E.D. Va. June 10, 2021) (dismissing claim against the Superintendent of the Hampton Roads Regional Jail where the body of the complaint did not mention him).  Hinchee had ample time to rectify this noted deficiency but he has not done so, and therefore he has failed to state a plausible claim of entitlement to relief against these Defendants.

Hinchee's complaint did include some factual allegations against the remaining two Defendants—Summerville and Maurice, but those allegations are so minimal that they fail to meet the standard for stating a plausible claim of entitlement to relief under 42 U.S.C. §1983. As stated above, Hinchee states that he sent Summerville and Maurice "anonymous letters" about one inmate's financial extortion of another.  (Dkt. 1 at 10, ¶ 27.)  Hinchee himself was apparently the victim he was referring to, but he did not specify his identity or related that he was in any danger in the letters.  Hinchee does not allege facts that would, if true, show that either Summerville or Maurice possessed facts sufficient to know that Hinchee was at risk, let alone at substantial risk of serious harm.  Hinchee does not allege what Summerville or Maurice did or did not do other than not respond to Hinchee's anonymous letter, which,

because of its anonymity, would be impossible to answer. Hinchee does not allege facts that would show that their personal conduct caused him to suffer serious injury. Nor does he allege facts that would show how he was personally harmed as a result of conduct by Summerville or Maurice. Because the complaint alleges little more than unadorned, the-defendant-unlawfully-harmed me accusations, the court finds it fails to state a plausible claim. *See Iqbal*, 556 U.S. at 678.

The court declines to analyze the additional bases for dismissal asserted in the Defendants' motion to dismiss as it is not necessary in light of the serious deficiencies in the complaint as discussed above.

## IV.    Conclusion

Because Hinchee failed to identify sufficiently the actions or inactions of each particular Defendant that would indicate that each Defendant could be held liable in connection with his claims, Hinchee's complaint fails to allege a plausible claim against any named Defendant. Accordingly, the court **GRANTS** Defendants' motion to dismiss, and **DISMISSES** this action without prejudice. Hinchee may subsequently re-file his claims in a separate action if he can provide the details required.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 15th day of September, 2025.

*[signature: Jasmine H. Yoon]*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE